# Kentucky & West Virginia Power Company v. Leslie.

(Decided March 27, 1925.)

## Appeal from Pike Circuit Court.

1. Easements—Vendor Not Attacking Contract Estopped to Attack Deed Carrying Out Contract.—Vendor of easement, not attacking contract to sell it, apparently is estopped to attack deed carrying out such contract.

2. Easements—Evidence of Mental Incapacity of Grantor and Fraudulent representations Held Insufficient to Secure Cancellation of Deed.—In suit to set aside deed to easement because of mental incapacity of grantor and fraudulent misrepresentations, evidence held insufficient to set deed aside.

3. Contracts—Instrument should Not be Canceled for Fraud, Unless it is Made Clearly to Appear.—An instrument should not be canceled for fraud, unless it is made clearly to appear.

HARMAN, FRANCIS & HOBSON for appellant.

STRATTON & STEPHENSON for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

In September, 1920, appellant through an agent entered into a contract with appellee and her husband, who was then living, whereby the couple agreed to convey to appellant an easement through their farm in Pike county for the purpose of erecting a power transmission line, and appellant agreed to pay appellee the sum of $5.00 for each pole erected on the land. In the following March, the appellee's husband died. The line having been erected, the same agent in the spring of 1922 again visited appellee, presented to her a formal deed for the easement contracted for, which she signed, and left her a check for $40.00. Thereafter she brought this action to set aside this deed on the grounds that it had been procured from her at a time when she was mentally incapable of understanding her acts and deeds and by reason of certain fraudulent misrepresentations. No attack was made on the contract entered into in September, 1920. It is true her counsel in their brief state that such attack was made in an amended petition, but this amended petition, which counsel think is not in the record, is in the record and it does not even refer to the contract of 1920.

The 1922 deed simply carried out the 1920 contract, and in the absence of an attack on that contract, appellee, it would seem, is estopped to attack her deed. Lockhart v. Kentland Coal & Coke Co., 182 Ky. 673, 207 S. W. 18.

But be that as it may, the evidence in this case wholly fails to disclose any mental incapacity on the part of appellee at the time she signed either the contract or deed or any misrepresentation on the part of appellant's agent at either time. So far as what occurred when the deed was signed, the testimony discloses that appellant's agent arrived at the home of the appellee just at the edge of dark. He met her as she came from the milking lot where, although she was past 76 years old, she had been milking her cows. He told her, as was the truth, that he had come to settle with her for the power line which had theretofore been built through her place, and they went into her cabin, lighted a lamp, and after she had read over the deed, or at least looked at it and talked about it with her daughter and son-in-law who were present, she signed it, whereupon the appellant gave her a check for $40.00 representing eight poles which had been put on her land. She produces no testimony to show that she was not mentally alert at the time of this visit, and furthermore it appears that she had the advice and assistance of her daughter and son-in-law, who were present but who did not testify in this case. There is some proof directed to the fact that the mind of her husband was not all that it ought to have been at the time the September, 1920, contract was made, but no proof whatever that appellee's mind was not all right at that time or that her signature to that contract was procured through any fraudulent misrepresentations. Appellee seems to have the idea that for $40.00, she has deeded in fee simple a strip through her land 100 feet wide and some 2,000 feet long. In this, she is in error. She has only conveyed an easement for a power transmission line over her lands, which have been cleared for a number of years. She still has the right to use and in fact has used the surface of her land just as she did before she made her deed or contract, with the exception of a little space around the poles planted in the ground and subject to the right of appellant, whenever it needs to do so, to go on to the land for the purpose of maintaining its lines. Really her chief complaint seems to be that she did not get enough money for the easement and an unnamed terror of electric wires

passing over her land in the air. As she says: "I do not want it to go over my land. I don't want it. I was by it like I was by the road business—I have lived this long without it and now I don't need it. I don't want it and I don't want to be bothered with it. It is no use to me."

By the cases of Wathens v. Skaggs, 161 Ky. 600, 171 S. W. 193; Virginia Iron, Coal & Coke Co. v. Crigger, 179 Ky. 748, 201 S. W. 298, and others, the rule is firmly established that the cancellation of an executed contract is the exercise of the most extraordinary power of a court of equity. It should not be exercised except in a clear case and never for an alleged fraud unless the fraud be made clearly to appear. In this case there is no evidence whatever of any mental incapacity on the part of appellee at the time she signed any of the documents in question, nor is there any case of fraudulent misrepresentations made out.

Judgment of the lower court is reversed, with directions to dismiss the petition.